## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JESSE BOWLSON,

       Plaintiff,

-vs-

COUNTY OF KENT, a municipal corporation,
DEPUTY SHERIFF MATTHEW BATCHELDER,
SIXTO PLACENCIA, JEFF PAVLOVIC, NICK KOLK,
JOEL DEVORMER, and NATASCHA SYSWERDA,

       Defendants.

Case No.: 1:11-cv-00309
Hon. Janet T. Neff
Magistrate Ellen S. Carmody

_____

**GEOFFREY N. FIEGER (P30441)**
**E. JASON BLANKENSHIP (P63566)**
FIEGER, FIEGER, KENNEY & GIROUX, P.C.
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

_____

## SECOND AMENDED COMPLAINT AND RELIANCE UPON JURY DEMAND

       NOW COMES Plaintiff, JESSE BOWLSON, by and through his attorneys,

FIEGER, FIEGER, KENNEY & GIROUX, P.C., and for his Second Amended Complaint

against the above-named Defendants, states unto this Honorable Court as follows:

       1.  The Plaintiff, Jesse Bowlson, is a resident of the City of Allen Park, County

of Wayne and State of Michigan.

       2.  Defendant Deputy Sheriff Matthew Batchelder (hereinafter

"BATCHELDER") is a Deputy Sheriff and at all relevant times was acting in that

capacity as an employee agent and servant of the County of Kent.

1

3. Defendant Sixto Placencia (hereinafter "PLACENCIA"), on information and belief, is an employee of the County of Kent working at the Kent County Correctional Facility, and at all relevant times was acting in that capacity as an employee agent and servant of the County of Kent.

4. Defendant Jeff Pavlovic (hereinafter "PAVLOVIC"), on information and belief, is an employee of the County of Kent working at the Kent County Correctional Facility, and at all relevant times was acting in that capacity as an employee agent and servant of the County of Kent.

5. Defendant Nick Kolk ('hereinafter "KOLK"), on information and belief, is an employee of the County of Kent working at the Kent County Correctional Facility, and at all relevant times was acting in that capacity as an employee agent and servant of the County of Kent.

6. Defendant Natascha Syswerda (hereinafter "SYSWERDA") is, upon information and belief, is an employee of the County of Kent working at the Kent County Correctional Facility, and at all relevant times was acting in that capacity as an employee agent and servant of the County of Kent.

7. Defendant Joel DeVormer (hereinafter "DEVORMER") is, upon information and belief, is an employee of the County of Kent working at the Kent County Correctional Facility, and at all relevant times was acting in that capacity as an employee agent and servant of the County of Kent.

8. The Defendant County of Kent is a municipal corporation within the State of Michigan and at all times relevant hereto employed BATCHELDER, PLACENCIA, PAVLOVIC, SYSWERDA, KOLK, AND DEVORMER.

9.     The amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND (75,000.00) DOLLARS and is therefore within the jurisdiction of this Court.

10.     None of the defendants are entitled to qualified immunity.

11.     On May 30, 2010, at approximately 3:24 a.m., Batchelder while on routine patrol received a radio call that there was a possible drunk driver on the highway at West I-96 and Alden Nash, in Kent County, MI.

12.     Batchelder stopped a motor vehicle operated by the Plaintiff for possible drunk driving.

13.     The Plaintiff complied with the orders given to him by Batchelder and was arrested for OWI 2ND offense.

14.     Also present on highway West I-96 at the scene of the arrest was Deputy Ryan Wheeler.

15.     The Plaintiff was taken to jail at the Kent County Correctional Facility where he was processed for booking.

16.     During the course of his processing, Plaintiff was pepper sprayed, kicked choked, and beaten severely by PLACENCIA, PAVLOVIC, SYSWERDA, KOLK, AND DEVORMER, jail guards employed by the Defendant Kent County.

17.     The booking video shows that Plaintiff was kneed several times in the ribs by one of PLACENCIA, PAVLOVIC, SYSWERDA, KOLK, or DEVORMER.

18.     The Plaintiff suffered serious injuries and was taken to Spectrum Hospital where he was diagnosed with a collapsed lung, 4 broken ribs, and multiple abrasions and contusions.

3

19.    The actions of Defendants BATCHELDER, PLACENCIA, PAVLOVIC, SYSWERDA, KOLK, AND DEVORMER. (hereinafter collectively "the individual Defendants") and the actions of Defendant County of Kent's agents were entirely unjustified and their actions constituted excessive use of force and abuse of power.   The brutal beating of the Plaintiff by the individual Defendants and Defendant County of Kent's agents was carried out in such a grossly negligent fashion that it demonstrated a lack of regard for his right to be free from unnecessary and unlawful bodily harm or threat thereof and without due care and diligence which a prudent and reasonable officer would have displayed.

20.    The brutal assault by the individual Defendants and the agents of Defendant County of Kent was carried out willfully, maliciously, and with such reckless disregard of the consequences as to reveal a conscious indifference to the clear risk of injury to the Plaintiff.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 USC §1983**
**BY DEFENDANTS BATCHELDER, PLACENCIA, PAVLOVIC, SYSWERDA,**
**KOLK, AND DEVORMER AND COUNTY OF KENT**

21.    Plaintiff hereby incorporates by reference paragraphs 1 through 20 as if fully set forth herein, word for word.

22.    The above-described beating was without legal justification.

23.    Pursuant to 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, the individual Defendants and Defendant County of Kent's agents owed Plaintiff a duty to act prudently and with reasonable care and to otherwise avoid the use of unnecessary, unreasonable, excessive deadly force.

4

24.     The individual Defendants and Defendant County of Kent's agents, by unjustifiably beating Plaintiff violated his rights to be free from punishment, deprivation of life and liberty without due process of law, and to be free from deliberate indifference to all of said rights under the Fourth and Fourteenth Amendments to the United States Constitution.

25.     After employing unnecessary, unreasonable and excessive force resulting in a violation of Plaintiff's rights under 42 USC §1983, the individual Defendants and Defendant County of Kent's agents along with other officers failed to timely render and/or timely seek and/or timely obtain medical care or assistance for the Plaintiff or secure transportation to a hospital, which conduct constitutes a deliberate indifference to a serious medical need.

26.     The individual Defendants and Defendant County of Kent's agents conspired with one another to deprive the Plaintiff of needed medical care and fabricated and disseminated false accounts regarding the unjustified use of excessive force against Plaintiff Jesse Bowlson.

27.     The individual Defendants and Defendant County of Kent's agents and others from the sheriff's department did knowingly falsely and publicly state that the individual Defendants and Defendant County of Kent's agents were in a dangerous situation and/or were justified in beating Plaintiff Jesse Bowlson.

28.     The premature and erroneous conclusions announced by the individual Defendants and Defendant County of Kent's agents made it impossible for the police department to conduct a complete, thorough and objective investigation since the investigators of the department were now placed in a position to conduct an

investigation which only supports the Defendants.

29.    At all times relevant to this Complaint, Defendant County of Kent, through its sheriff's department, sheriff, commander in chief, supervisors and other policy makers, pursued policies, practices and customs that were a direct and proximate cause of the unconstitutional rights alleged herein and were the result of deliberate indifference.

30.    The policies include, but are not limited to:

    a.    Failure to properly screen, supervise, discipline, transfer, counsel or otherwise control police officers, including the individual Defendants, who were known or should have been known to engage in improper use of excessive force;

    b.    Employing a police code of silence wherein other officers and supervisors cover up the use of force by fabricating accounts to the media, in official police reports and internal affairs investigations, all of which are designed to falsely exonerate officers from potential civil liability; and

    c.    A failure to have and implement policies and procedures for handling persons such as the Plaintiff and adopting policies which encouraged the use of excessive force against police prisoners.

31.    As a direct proximate cause the Plaintiff suffered the injuries described above and experienced pain, suffering, disfigurement and therefore encountered economic and non-economic damages as well as punitive and exemplary damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000) for the beating of Jesse Bowlson.

## COUNT II
## <u>DEFENDANT COUNTY OF KENT'S FAILURE TO TRAIN</u>

32.    Plaintiff hereby incorporates by reference paragraphs 1 through 31 as if fully set forth herein, word for word.

33.    Any training with regard to the care and treatment to be provided to arrestees available to or undertaken by individual Defendants and was inadequate for the tasks that said individual Defendants were to perform.

34.    In light of the duties assigned to individual Defendants the need for more or different training was so obvious and the inadequacy so likely to result in the violation of constitutional rights that the policy makers of the Defendant County of Kent can be said to have been deliberately indifferent to the need for such training.

35.    The inadequacy of said training was the result of Defendant County of Kent's deliberate indifference.

36.    The inadequacy of training described herein caused the constitutional violation and caused the injuries to Plaintiff.

37.    The failure to provide proper training by Defendant County of Kent represents a policy of said Defendant.

38.    The constitutional violation herein described and the injury to Plaintiff would have been avoided had the individual Defendants been trained under a program that was not deficient.

39.    The inadequacy of the training of the individual Defendants as herein described establishes a policy of inadequate training per se.

7

40.     Defendant County of Kent's failure to train reflects a deliberate or conscious choice by the Municipality.

41.     In the alternative, the individual Defendants had previously violated the constitutional rights of arrestees/jail detainees.

42.     Despite knowledge of individual Defendants' prior violation of the constitutional rights of arrestees/jail detainees, Defendant County of Kent failed to train and/or discipline said individual Defendants.

43.     The failure to so train or discipline said individual Defendants, despite knowledge of their prior violation of the constitutional rights of pretrial detainees reflects a deliberate and conscious choice by Defendant County of Kent.

44.     The failure to train and discipline said individual Defendants who had previously violated the constitutional rights of pretrial detainees establishes the inadequacy of the training of the officers by Defendant County of Kent.

45.     The above inadequacy was a result of the Defendant County of Kent's deliberate indifference.

46.     Said inadequacy caused the injuries to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Honorable court award damages against the Defendants in that amount in excess of $75,000 it finds reasonable and just.

**COUNT III**
**<u>DEFENDANT COUNTY OF KENT'S UNCONSTITUTIONAL</u>**
**<u>CUSTOM OR POLICY</u>**

47.     Plaintiff hereby incorporates by reference paragraphs 1 through 46 as if fully set forth herein, word for word.

48.     For purposes of establishing a constitutional violation by a person acting under color of state law, Defendant County of Kent as a local government institution, is considered a person.

49.     Prior to May 30, 2010 Defendant County of Kent had an existing municipal policy to use excessive force on such arrestees/jail detainees as Plaintiff.

50.     The application of the policy or custom of Defendant County of Kent resulted in a deprivation of Plaintiff 's constitutional rights under the 8th Amendment.

51.     Plaintiff's injuries occurred as a result of Defendants' execution of the herein identified unconstitutional municipal policy or custom.

52.     In the alternative, if Defendant County of Kent had in place a policy to avoid the use of excessive force on arrestees/jail detainees, Defendant County of Kent was deliberately indifferent in their failure to enforce said policy.

53.     Defendant County of Kent's failure and deliberate indifference to enforce said policy was a proximate cause of Plaintiff's injuries, thus establishing a direct causal link between Defendant County of Kent's policy or the failure to enforce same and the deprivation of Plaintiff's constitutional rights and his injuries.

54.     In the alternative and in the absence of any policy whatsoever with regard to the use of force or excessive force on arrestees/pretrial detainees, Defendant County of Kent was deliberately indifferent in its failure to establish a policy for the provision of medical care to pretrial detainees.

55.     Defendant County of Kent's failure and deliberate indifference to establish such a policy was a proximate case of Plaintiff's injuries, thus establishing a

9

direct causal link between Defendant County of Kent's policy or absence thereof and the deprivation of Plaintiff 's constitutional rights and his injuries.

56.     In the alternative and in the event Defendant County of Kent did have a policy in place regarding the use of force or excessive force on arrestees/pretrial detainees, Defendant County of Kent and the individual Defendants were deliberately indifferent in their failure to supervise jail staff in their treatment of arrestees/jail detainees.

57.     Defendant County of Kent's failure and deliberate indifference to supervise jail staff in the treatment of detainees in jail was a proximate cause of Plaintiff's injuries, thus establishing a direct causal link between Defendant County of Kent's failure to supervise and the deprivation of Plaintiff's constitutional rights and his injuries.

WHEREFORE, Plaintiff respectfully requests that this Honorable court award damages against the Defendants in that amount in excess of $75,000 it finds reasonable and just.

Respectfully submitted,

/s/ E. Jason Blankenship
Geoffrey N. Fieger (P30441)
E. Jason Blankenship (P63566)
FIEGER, FIEGER, KENNEY & GIROUX, P.C.
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555
j. blankenship@fiegerlaw.com

## <u>RELIANCE UPON JURY DEMAND</u>

NOW COMES Plaintiff, JESSE BOWLSON, by and through his attorneys, FIEGER, FIEGER, KENNEY & GIROUX, P.C., and hereby relies upon the jury demand previously filed in the above-captioned matter.

Respectfully submitted,

/s/ E. Jason Blankenship
Geoffrey N. Fieger (P30441)
E. Jason Blankenship (P63566)
FIEGER, FIEGER, KENNEY & GIROUX, P.C.
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555
j.blankenship@fiegerlaw.com

11