UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE BOWLSON,

        Plaintiff,                                   Case No. 1:11-cv-309

v.                                                                HON. JANET T. NEFF

COUNTY OF KENT, *et al.*,

        Defendants.
_____/

## OPINION

Pending before the Court is Defendant County of Kent's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt 52). Plaintiff filed a response in opposition (Dkt 55), and the County of Kent ("the County") filed a reply (Dkt 56). Having reviewed the written submissions and accompanying exhibits, the Court finds that the relevant facts and arguments are adequately presented in these materials and that oral argument would not aid the decisional process. *See* W.D. Mich. LCivR 7.2(d). For the reasons that follow, the Court grants the motion and dismisses Plaintiff's claims against the County.

### I. BACKGROUND

During the early morning hours of May 30, 2012, Plaintiff was arrested for Operating a vehicle While Intoxicated (OWI), his second such offense. On March 25, 2011, he filed a Complaint against the County, alleging a violation of his civil rights arising from the events surrounding his arrest (Dkt 1). This Court agreed to extend the time for him to amend his Complaint, and, on June 30, 2011, Plaintiff filed a First Amended Complaint against not only the County but also Deputy

Sheriff Matthew Batchelder, John Does I-IV, and Jane Doe (Dkt 19). Plaintiff directed his civil rights violation claim against all defendants and added claims for "Failure to Train" and "Unconstitutional Custom or Policy" against only the County (*id.*).

On October 12, 2011, this Court agreed to permit Plaintiff to file a Second Amended Complaint (Dkt 37). In his Second Amended Complaint, Plaintiff named the following seven defendants:

1. the County,

2. Deputy Sheriff Batchelder,

3. Kent County Correctional Facility Officer Nick Kolk,

4. Kent County Correctional Facility Officer Sixto Placencia,

5. Kent County Correctional Facility Officer Jeff Pavlovic,

6. Kent County Correctional Facility Officer Joel Devormer, and

7. Kent County Correctional Facility Officer Natascha Syswerda.

Plaintiff again directed his "Violation of Civil Rights" claim (Count I) against all defendants and directed his "Failure to Train" claim (Count II) and "Unconstitutional Custom or Policy" claim (Count III) against only the County.

Defendant Deputy Batchelder and the correctional officers filed an Answer to the Second Amended Complaint (Dkt 38). The County requested a Pre-Motion Conference, proposing to file a dispositive motion (Dkt 40). Following a Pre-Motion Conference on December 20, 2011, the Court issued a briefing schedule, permitting the parties to brief the instant motion (Dkt 49).

## II. ANALYSIS

**A.      Motion Standard**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 marks "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

**B.      Discussion**

"'To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (citations omitted). The County seeks dismissal on the grounds that all three counts of Plaintiff's complaint fail to state a claim against it upon which

relief can be granted under § 1983. Although Plaintiff has provided only a general response to the County's motion, which is not organized by counts, this Court will analyze the allegations within each count of his Second Amended Complaint, in turn. This Court's analysis leads to the conclusion submitted by the County, which is that, pursuant to the *Twombly/Iqbal* pleading standard, all three counts fail to state a claim against the County.

**1.   Count I—"Violation of Civil Rights"**

In Count I of his Second Amended Complaint, Plaintiff alleges a "Violation of Civil Rights" claim against all three defendants. In support of dismissal of Count I against it, the County argues that to the extent Count I seeks to impose respondeat superior liability against the County, the count fails to state a claim against it (Dkt 53 at 9). The County correctly points out that in *Monell v. New York City Dep't of Soc. Svcs.*, 436 U.S. 658, 691-92 (1978), the Supreme Court rejected a respondeat superior theory and held that a local government entity could be held liable under § 1983 only when an official policy or custom "'causes' an employee to violate another's constitutional rights." *See also Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986) ("*Monell* reasoned that recovery from a municipality is limited to acts that are, properly speaking, acts 'of the municipality'—that is, acts which the municipality has officially sanctioned or ordered."); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997) ("[section] 1983 does not impose vicarious liability on a municipality for the constitutional torts of its employees"). A county is "liable under § 1983 only where the [government entity] *itself* causes the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in the original).

Plaintiff concedes that he does not seek to hold the County vicariously liable based upon the respondeat superior doctrine, arguing that he instead seeks to hold the County "directly liable" under

4

42 U.S.C. § 1983 because of the County's "adoption of or failure to adopt a particular policy or custom" (Dkt 55 at 11, 14-15). Plaintiff argues that he has set forth facially plausible "Failure to Train" and conspiracy claims against the County (*id.* at 12, 15-16).

Although Plaintiff does not identify the paragraphs in his Second Amended Complaint he believes support his argument, the only paragraphs in Count I potentially implicated by his policy-or-custom analysis are the following:

> 29. At all times relevant to this Complaint, Defendant County of Kent, through its sheriff's department, sheriff, commander in chief, supervisors and other policy makers, pursued policies, practices and customs that were a direct and proximate cause of the unconstitutional rights [sic] alleged herein and were the result of deliberate indifference.
>
> 30. The policies include, but are not limited to:
>     a. Failure to properly screen, supervise, discipline, transfer, counsel or otherwise control police officers, including the individual Defendants, who were known or should have been known to engage in improper use of excessive force;
>     b. Employing a police code of silence wherein other officers and supervisors cover up the use of force by fabricating accounts to the media, in official police reports and internal affairs investigations, all of which are designed to falsely exonerate officers from potential civil liability; and
>     c. A failure to have and implement policies and procedures for handling persons such as the Plaintiff and adopting policies which encouraged the use of excessive force against police prisoners.
>
> 31. As a direct proximate cause the Plaintiff suffered the injuries described above and experienced pain, suffering, disfigurement and therefore encountered economic and non-economic damages as well as punitive and exemplary damages.

(Dkt 37, 2d Amend. Compl. ¶¶ 29-31).

    **a.** ***Failure to Train***

The Court first examines Plaintiff's argument that he has stated a Failure to Train claim within Count I. "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, ___ U.S. ___; 131 S. Ct. 1350, 1359 (2011). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Id.* (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822-23 (1985) (plurality opinion) ("'[A] 'policy' of 'inadequate training'" is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell*."). To satisfy the statute, the local government's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Id.* (quoting *Canton*, 489 U.S. at 388). Only then "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Id.* at 1359-60 (quoting *Canton*, 489 U.S. at 389). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.* at 1360 (quoting *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 410 (1997)).

Paragraphs 29 and 30, excerpted above, do not include the factual predicates for a Failure-to-Train claim against the County. Plaintiff does not plead facts regarding the nature of the training and supervision provided to the deputies. Plaintiff does not plead any fact patterns demonstrating deliberate indifference by the purportedly untrained deputies in disregard of known or obvious consequences of their actions. Plaintiff does not plead any instances of prior allegedly unconstitutional conduct that would place the County on notice that its training was deficient. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice. *Twombly*, 550 U.S. at 555. *See, e.g., Johnson v. Gannon*, No. 3:09-0551, 2010 WL 1658616, at *4 (M.D. Tenn. Apr.23, 2010) ("Plaintiff's use of phrases such as 'failure to train,' [and] 'failure to supervise'... is meaningless without any factual allegations.") (citation omitted).

    **b.**    *Civil Conspiracy*

The Court turns next to examining whether Plaintiff has stated a conspiracy claim within Count I. A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *Pritchard v. Hamilton Twp. Bd. of Trustees*, 424 F. App'x 492, 507, 2011 WL 2039066, at *13 (6th Cir. 2011) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). To successfully plead a civil conspiracy, a plaintiff must allege that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiff of his constitutional rights, and (3) an overt act was committed." *Id.* (citation omitted). It is well-settled that conspiracy claims must be pled with particularity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Plaintiff alleges that "[t]he individual Defendants and Defendant County of Kent's agents conspired with one another to deprive the Plaintiff of needed medical care and fabricated and disseminated false accounts regarding the unjustified use of excessive force against Plaintiff Jesse Bowlson [by] ... falsely and publicly stat[ing] that the[y] ... were in a dangerous situation and/or were

7

justified in beating [him]" (Dkt 37, 2d Amend. Compl. ¶¶ 26-27). To connect these alleged actions of the officers with the County, however, would again require application of the doctrine of respondeat superior, which cannot form the basis for the County's liability under § 1983 under *Monell*, 436 U.S. at 691.

Plaintiff attempts to connect the alleged actions of the officers to the County by alleging that the policies or customs of the County included "[e]mploying a police code of silence wherein other officers and supervisors cover up the use of force by fabricating accounts to the media, in official police reports and internal affairs investigations, all of which are designed to falsely exonerate officers from potential civil liability" (Dkt 37, 2d Amend. Compl. ¶ 30(b)). Assuming arguendo that a "code of silence" is a custom or policy within the meaning of *Monell*, 436 U.S. at 690-91, Plaintiff has not delineated any material facts in support of his one-sentence allegation. When all that is offered is the conclusion—speculative suggestion—that the County engaged in a conspiracy to cover up prior uses of excessive force, the allegation supports only the possibility of a conspiracy, not a plausible suggestion of one.

In sum, the Court determines that the allegations in Count I are insufficient to state a claim for relief under 42 U.S.C. §1983. Plaintiff has not stated a valid claim against the County in Count I, and Count I against the County is properly dismissed.[1]

**2.    Count II—"Failure to Train"**

---

[1] The County also argues that it is entitled to dismissal of Plaintiff's request in Count I for relief in the form of punitive damages (Dkt 37, 2d Amend. Compl. ¶ 31; Dkt 53 at 19-20, citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("a municipality is immune from punitive damages under 42 U.S.C. § 1983")). Plaintiff concedes the point in his response, indicating that he does not seek punitive damages from the County (Dkt 55 at 17).

Next, Defendant argues that Count II of the Second Amended Complaint, which is titled "Failure to Train," similarly lacks the specific factual allegations required for Count II to survive a motion to dismiss (Dkt 53 at 13). Again, Plaintiff does not identify the paragraphs in Count II of his Second Amended Complaint that he believes support his Failure-to-Train claim. Emblematic of the generalized conclusions within Count II are the following paragraphs:

> 33. Any training with regard to the care and treatment to be provided to arrestees available to or undertaken by individual Defendants and was inadequate for the tasks that said individual Defendants were to perform.
>
> 34. In light of the duties assigned to individual Defendants the need for more or different training was so obvious and the inadequacy so likely to result in the violation of constitutional rights that the policy makers of the Defendant County of Kent can be said to have been deliberately indifferent to the need for such training.
>
> * * *
>
> 42. Despite knowledge of individual Defendants' prior violation of the constitutional rights of arrestees/jail detainees, Defendant County of Kent failed to train and/or discipline said individual Defendants.

(Dkt 37, 2d Amend. Compl. ¶¶ 33, 34 & 42).

These allegations, despite their placement in the count titled "Failure to Train," are no more factually specific than the previously analyzed allegations in Plaintiff's "Violation of Civil Rights" claim in Count I. The Court agrees with the County that "Plaintiff's vague and conclusory references to the individual Defendants' 'prior violation of the constitutional rights' of arrestees/jail detainees do not satisfy the heightened pleading requirements established in *Iqbal* and *Twombly*" (Dkt 53 at 15). Plaintiff has alleged—but not shown—that he is entitled to relief on his Failure to Train claim. Hence, Plaintiff has not stated a valid claim against the County in Count II, and Count II against the County is also properly dismissed.

9

### 3. Count III—"Unconstitutional Custom or Policy"

In Count III of his Second Amended Complaint, Plaintiff alleges "an existing municipal policy to use excessive force" (Dkt 37, 2d Amend. Compl. ¶¶ 49-51); or, "in the alternative, ... a policy to avoid the use of excessive force," which was not enforced (*id.* ¶¶ 52-53); or, "in the alternative ...the absence of any policy whatsoever with regard to the use of excessive force" (*id.* ¶¶ 54-55); or, "in the alternative ... a policy in place regarding the use of force or excessive force" (*id.* ¶¶ 56-57).

Contrary to the instructions in *Twombly* that a claim give a defendant "fair notice of what the ... claim is and the grounds upon which it rests,'" *see Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), the dense thicket of alternative allegations in Count III fails to give the County fair notice of Plaintiff's claim in Count III against it such that the County could answer the pleading and prepare for trial. Further, the lack of factual specificity in the allegations in Count III perpetuates the factual deficiencies previously described in the allegations in Counts I and II. Plaintiff has not stated a valid claim against the County in Count III, and Count III against the County is also properly dismissed.

### 4. Request to Amend

Last, the Court addresses Plaintiff's request for further discovery and an opportunity to supply the Court with a fourth version of his complaint. Plaintiff argues that he "should be permitted to pursue discovery in this matter, whereupon the Second Amended Complaint can be amended to provide further particularity as to this and other theories of the County of Kent's liability under § 1983" (Dkt 55 at 9, 15).

Plaintiff opines that he can supply "additional factual content," but it is no longer sufficient in the *Twombly/Iqbal* pleading context to merely promise that a set of facts exists in support of a claim. *See New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (opining that "the combined effect of *Twombly* and *Iqbal* require plaintiff to have greater knowledge now of factual details in order to draft a 'plausible complaint'"). A plaintiff may not use the discovery process to obtain these facts after filing suit. *Id.*; *see also Patterson v. Novartis Pharmaceuticals Corp.*, 451 F. App'x 495, 499 (6th Cir. 2011) ("Plaintiffs [are] not entitled to an advisory opinion from the district court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies.") (quoting *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008)). As stated *supra,* Federal Rule of Civil Procedure 8 does not unlock the doors of discovery for a plaintiff who, as here, is armed with nothing more than conclusions. *See Iqbal*, 556 U.S. at 678-79.

### III. CONCLUSION

For the foregoing reasons, Defendant County of Kent's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt 52) is properly granted. An Order will be entered consistent with this Opinion.


DATED: September 14, 2012                    /s/ Janet T. Neff
                                             JANET T. NEFF
                                             United States District Judge